IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| **Country Mutual Insurance Co.**<br>                    **Plaintiff(s)**<br><br>              v.<br><br>**Altisource Online Auction, Inc.**<br>                    **Defendant(s)** | **Civil Action No.:  2:19-cv-74** |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THE COURT'S JULY 24, 2020, AMENDED OPINION AND ORDER

Plaintiff, Country Mutual Insurance Co., individually and as successor to Middlesex Mutual Assurance Co. as subrogee of TPW Management LLC, by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 60(b), respectfully submits this Memorandum of Law in support of its Motion for Reconsideration of the Court's July 24, 2020, Amended Opinion and Order (Docket No. 47).

### I.   INTRODUCTION

Plaintiff is entitled to reconsideration of this Court's Amended Opinion and Order because the Amended Opinion and Order rests on the assumption that Plaintiff is seeking recovery for damages to the "subject property," that is, solely the property that was negligently winterized. However, Plaintiff's Amended Complaint does not state that it is seeking recovery for damages to the subject property as so narrowly described. Rather, Plaintiff's Amended Complaint actually states that it is seeking recovery for damage to its subrogor's property, which is not identified therein as the subject property. Plaintiff's subrogor is stated in the Amended Complaint to be TPW Management LLC ("TPW"); at no point in the Amended Complaint is TPW alleged or stated to be the owner of the subject property. Because the Court's Amended

Opinion and Order is apparently based upon a too-narrow reading of Plaintiff's Amended Complaint on this point, it should be rescinded, and Defendant's Motion to Dismiss should be denied.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) provides "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; … or, (6) any other reason that justifies relief."

"The standard for granting a motion to reconsider is strict, and reconsideration is generally denied unless the moving party points to controlling decisions or data that the court overlooked—matters that might reasonably be expected to alter the conclusion reached by the court. If the moving party is seeking solely to relitigate an issue already decided, the court should deny the motion for reconsideration and adhere to its prior decision." *Grundstein v. Vermont Bd. of Bar Examiners*, No. 5:17-CV-75, 2018 WL 10456440, at *2 (D. Vt. Jan. 25, 2018) (internal citations omitted).

## III.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initially filed suit by way of Complaint on May 9, 2019.  Plaintiff filed an Amended Complaint on September 12, 2019.  Plaintiff's suit sounds in negligence, breach of contract, and breach of warranty, and seeks recovery for its condominium association subrogor's damages relating to Defendant's faulty winterization of Unit #10 of 2680 Hartford Avenue in Wilder Vermont – referred to in the Amended Complaint as the "subject property."  Defendant filed its Motion to Dismiss on November 1, 2019.  Put briefly, Defendant argued that (1) under the economic loss doctrine, any damage to the subject property was properly a contract claim and

not a negligence claim, (2) Plaintiff could not pursue a contract claim in the absence of the contract, and (3) Plaintiff could not pursue a breach of warranty claim in the absence of contractual privity.  Plaintiff filed its Response in Opposition on December 2, 2019.  Put briefly, Plaintiff argued that (1) the economic loss doctrine should not apply to damage to property, (2) Plaintiff's subrogor was an intended third-party beneficiary of any winterization contract, and (3) contractual privity was a needlessly formalistic requirement for the claimed breach of warranty. On June 5, 2020, the Court held a telephonic hearing for the parties to argue their respective positions.  On July 27, 2020, the Court filed its Amended Opinion and Order, granting Defendant's Motion and dismissing Plaintiff's case.

### IV.     THE COURT'S AMENDED OPINION AND ORDER IS BASED UPON A MISREADING OF PLAINTIFF'S AMENDED COMPLAINT

The Court's Amended Opinion and Order makes clear that the Court was persuaded by the Defendant on the issue of negligence because it understood Plaintiff to be seeking recovery for damages to the subject property.  The Amended Opinion and Order states:

> Specifically, Plaintiff alleges that Defendant's negligent conduct resulted in damage to "the subject property" (Doc. 26 at 2, ¶ 10; *see id*. at 3, ¶ 11)—the aforementioned "unit #10"—which Plaintiff asserts is precisely the subject of the contract at issue in this suit (*see id*. at 2, ¶¶ 9-10; 4, ¶ 17).  The Amended Complaint does not allege that Plaintiff sustained damage to any "*other* property," which was not the subject of a contract.  Therefore the economic loss rule bars Plaintiff's negligence claim.  See *Springfield Hydroelectric Co. v. Copp*, 172 Vt. 311, 314, 779 A.2d 67, 70 (2001) ("As our case law makes clear, claimants cannot seek, through tort law, to alleviate losses incurred pursuant to a contract.")

See Amended Opinion and Order pages 6-7, all emphases in original.  Further, that quoted section also includes footnote 4, which states:

> At oral argument, Plaintiff indicated that a neighboring unit was damaged as well as surrounding common areas.  However, such damage is not alleged in the Amended Complaint.  Therefore the Court does not consider it for purposes of deciding the instant Motion to Dismiss.

See Amended Opinion and Order at footnote 4, page 6.  As indicated in the Amended Opinion and Order, the Court's reasoning is straightforward: Plaintiff's negligence claim is being dismissed for seeking recovery for damages to the subject property, which was allegedly the subject of a winterization contract.

The issue with the Court's reasoning is equally straightforward.  Plaintiff's Amended Complaint does not state that Plaintiff is seeking to recover for damages to the subject property.  It instead states that it is seeking recovery for damages to its subrogor's property.  Paragraph 4 of Plaintiff Amended Complaint sets forth the designation of the subject property, stating "At all times relevant hereto, the property located at 2680 Hartford Avenue in Wilder, Vermont – particularly unit #10 (hereinafter the "subject property") – was among those for which subrogor had rights and responsibilities as the condominium association."  The identity of Plaintiff's subrogor is set out in paragraph 3, which states, "At all times relevant hereto, Plaintiff provided property (*inter alia*) insurance via an [sic] policy in favor of TPW Management LLC (hereinafter "subrogor"), a Vermont entity with its principal place of business at the above-captioned address."  Reading these paragraphs together, the Amended Complaint identifies Plaintiff's subrogor, TPW Management LLC, as a condominium association with certain rights and responsibilities relating to the subject property.  However, it does not state that Plaintiff's subrogor is the owner of the subject property.

The Court's Amended Opinion and Order cites to paragraphs 9, 10, 11, and 17 for support for its understanding that Plaintiff is seeking recovery for damages to the subject property.  However, a reading of those paragraphs does not indicate as such.  Paragraph 9 states "Sometime prior January 19, 2015, Altisource was retained as the foreclosure specialist and to winterize the subject property."  This is simply a factual allegation relating to the Defendant's

involvement with the subject property.  Paragraph 10 states "On or about January 19, 2015, as a result of Altisource neglecting to winterize the subject property properly, the sprinkler system froze and burst, causing a substantial water leak resulting in damages to the subject property."  While this paragraph clearly refers to damages to the subject property, it does not in and of itself pray for relief in the form of recovery for those damages.   Paragraph 11 states "As a direct and proximate result of the acts and/or omissions of Altisource (as are described more fully below), subrogor sustained damage to its property, as well as additional expenses besides, in an amount in excess of $75,000.00; by operation of payments made pursuant to the terms and conditions of the aforementioned insurance policy; Plaintiff became subrogated to the claims asserted in this action."  Paragraph 11 contains no mention of the subject property or damages to the subject property at all.  Instead, paragraph 11 refers to damages sustained by Plaintiff's subrogor to *its* property, which has not been identified as the subject property at any point in the Amended Complaint.  Paragraph 17 states "Upon information and belief, a contract involving winterizing the subject property existed between Altisource and the party in whose care, custody and control the subject property was as of January 19, 2015."  Clearly, paragraph 17 speaks to Altisource's winterizing of the subject property, but again it does not claim that the damages to the subject property are the damages for which Plaintiff is seeking recovery.  Paragraph 17 also refers to a party "in whose care, custody and control the subject property was."  If the subject property were owned by Plaintiff's subrogor, such that one would expect Plaintiff's recovery to be for damages to it, then this paragraph could be expected to so state.  Instead, it goes to awkward lengths to refer to a separate party who had care, custody and control of the subject property and entered into a contractual agreement with Altisource.

       Plaintiff's argument also find support from other paragraphs not cited by the Court.

Paragraph 15 is specifically a prayer for relief in Plaintiff's negligence section and states "As a direct and proximate result of such negligence, subrogor's property was damaged and additional expenses were incurred in an amount in excess of $75,000.00; as described herein, Plaintiff became subrogated to recovery rights relating thereto." Again, the reference here is to subrogor's property, not the subject property. Paragraph 23 identifies the damages in the contract count and states "As a direct and proximate result of these contractual breaches, subrogor suffered the aforementioned damages to its property, as well as additional expenses (including loss of use), in an amount in excess of $75,000.00; to the extent these damages were paid pursuant to subrogor's policy, Plaintiff became subrogated thereto." Again there is no reference to the subject property, only to "its property," meaning the subrogor's property. Paragraph 28 identifies the damages in the breach of warranty count, stating "As a direct and proximate result of these breaches, subrogor sustained property damage and incurred additional expenses in an amount in excess of $75,000.00; Plaintiff became subrogated to those damages as described herein." Again, there is no reference to the subject property; instead, it is simply stated that the subrogor sustained property damage.

While the language of Plaintiff's Amended Complaint may in certain instances have been inartful, it simply does not state that Plaintiff is seeking recovery for damages to the subject property. Put succinctly, it discusses winterization damage to the "subject property" because that is the factual event giving rise to damage to incurred by Plaintiff's subrogor to "its property." As Defendant is identified as the entity that performed the faulty winterization, the Amended Complaint would arguably be improved if it were to allege the facts of the winterization at the subject property. Still, the fact remains that Plaintiff's Amended Complaint does not say what the Court's Amended Opinion and Order apparently believes it does. Rule 12(b)(6) is meant to

test a pleading for "facial plausibility."  As such, the pleading must be considered based on what it actually says, not based on a mistaken misreading.  Because Plaintiff's Amended Complaint does not seek recovery for damages to the subject property, the Court's Amended Opinion and Order, which explicitly bases its reasoning on a misunderstanding that Plaintiff is seeking recovery for damages to the subject property, should be rescinded, or, in the alternative, the Court should give Plaintiff leave to Amend its Complaint in order to clarify that it is not seeking recovery for damage to the subject property.

                **de LUCA LEVINE LLC**

BY: *s/Benjamin D. Wharton*
    **BENJAMIN D. WHARTON**
    PA ID: 312394
    Three Valley Square, Suite 220
    Blue Bell, PA 19422
    215-383-0081
    215-383-0082 (fax)
    bwharton@delucalevine.com
    **ATTORNEYS FOR PLAINTIFF**

**Dated:**  August 20, 2020