UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Country Mutual Insurance Co.,

    Plaintiff,

v.                                      Civil Action No. 2:19-cv-74-jmc

Altisource Online Auction, Inc.,

    Defendant.

## OPINION AND ORDER
(Doc. 49)

Plaintiff Country Mutual Insurance Company, individually and as successor to Middlesex Mutual Assurance Company as subrogee of TPW Management LLC (TPW), originally brought this action against Defendant Altisource Solutions, Inc.,[1] for its alleged failure to winterize a property that it was contracted to winterize. (Doc. 26 at 2–3, ¶¶ 10–11.)  The Court granted Defendant's Motion to Dismiss on July 24, 2020.  (Doc. 47.)  Presently before the Court is Plaintiff's Motion for Reconsideration or, in the alternative, request for leave to file a Second Amended Complaint.  (Doc. 49.)

---

[1] Defendant is improperly named "Altisource Online Auction, Inc." in the Amended Complaint.  (Doc. 26 at 1; *see* Doc. 31 at 1 n.1.)

## Background

The Court assumes the parties' familiarity with the underlying facts of this case and only briefly summarizes the facts here.  Plaintiff provided property insurance "via a policy in favor of" its subrogor, TPW, a condominium association responsible for a condominium located at 2680 Hartford Avenue, Unit 10, in Wilder, Vermont.  (Doc. 26 at 1–2, ¶¶ 3–4.)  "Sometime prior [to] January 19, 2015," Defendant was retained as "the foreclosure specialist and to winterize the subject property."  (*Id.* at 2, ¶ 9.)  "On or about January 19, 2015," Defendant neglected to properly winterize the property, resulting in the sprinkler system freezing and bursting, and causing a substantial water leak that resulted in damage to the property.  (*Id.* ¶ 10.)  Insurance claims regarding the property damage were submitted and paid, and Plaintiff became subrogated to the recovery rights and interests of TPW as subrogor.  (*Id.* at 3, ¶ 11.)

Based on these facts, Plaintiff filed the initial Complaint on May 9, 2019 (Doc. 1) and, pursuant to a stipulation by the parties, the Amended Complaint on September 30, 2019 (Doc. 26).  Both asserted claims against Defendant for negligence, breach of contract, and breach of implied warranties.  On November 1, 2019, Defendant filed a Motion to Dismiss the Amended Complaint.  (Doc. 31.)  Oral argument on the Motion was held via telephone on June 5, 2020.

In an Amended Opinion and Order dated July 24, 2020, the Court granted Defendant's Motion to Dismiss.  (Doc. 47.)  The Court concluded that Plaintiff's negligence claim was barred by the economic loss rule because the Amended

Complaint alleged injury solely to the property that was the subject of the alleged contract and Plaintiff did not allege that Defendant owed it or its subrogor any independent, non-contractual duty. (*Id.* at 6–10.) The Court explained, in relevant part:

> [T]he Amended Complaint broadly alleges that Defendant "was retained . . . to winterize the subject property"—which is defined as "unit #10" of "the property located at 2680 Hartford Avenue in Wilder, Vermont." (Doc. 26 at 2, ¶ 9; *see id.* at 1–2, ¶ 4.) The Amended Complaint further alleges that Defendant's failure to "properly" winterize the property caused "a substantial water leak[,] resulting in damages *to the subject property*." (*Id.* at 2, ¶ 10 (emphasis added).) As alleged, the damages Plaintiff asserts that it (or its subrogor) incurred fall within the broad scope of the purported contract. . . . The Amended Complaint does not allege that Plaintiff sustained damage to any "*other* property," which was not the subject of a contract. Therefore, the economic loss rule bars Plaintiff's negligence claim.

(Doc. 47 at 6–7 (footnote omitted).) The Court also noted that Plaintiff indicated during oral argument that "a neighboring unit was also damaged as well as surrounding common areas." (*Id.* at 6 n.4.) However, Plaintiff admitted at oral argument that "such damage is not alleged in the Amended Complaint." (*Id.*) Accordingly, the Court did not consider it in deciding Defendant's Motion to Dismiss the negligence claim. In addition, the Court dismissed Plaintiff's breach-of-contract claim for failure to sufficiently allege that it or its subrogor was a party to or a third-party beneficiary of the subject contract. (*Id.* at 10–15.) Finally, the Court dismissed Plaintiff's breach-of-implied-warranties claim for lack of contractual privity. (*Id.* at 15–18.)

Plaintiff now moves, pursuant to Federal Rule of Civil Procedure 60(b), for reconsideration of the Court's Amended Opinion and Order, arguing that the

3

Court's decision to dismiss the negligence claim is based upon too narrow of a reading of the Amended Complaint. (Doc. 49.) Specifically, Plaintiff argues that the Amended Complaint does allege damage to other property that was not the subject of the alleged contract because it alleges damage to "subrogor's property," which the Amended Complaint does not identify as being the same as the "subject property." (Doc. 49-1 at 4–6.) Plaintiff's Motion does not request reconsideration of the Court's dismissal of the breach-of-contract and breach-of-implied-warranties claims. Alternatively, Plaintiff seeks leave to file a Second Amended Complaint. (*Id.* at 7.) Defendant opposes Plaintiff's Motion for Reconsideration. (Doc. 50.)

## Analysis

I.  **Motion for Reconsideration**

A motion for reconsideration under Federal Rule of Civil Procedure 60(b) "is 'generally not favored' and will be granted 'only upon a showing of exceptional circumstances.'" *Kokinda v. Koch Industries, Inc.*, Case No. 2:18-cv-95, 2018 WL 10550322, at *2 (D. Vt. Nov. 9, 2018) (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)); *see also Grundstein v. Vt. Bd. of Bar Examiners*, Case No. 5:17-cv-75, 2018 WL 10456440, at *2 (D. Vt. Jan. 25, 2018) ("The standard for granting a motion to reconsider is strict . . . ."). The party seeking relief from judgment bears the burden of demonstrating that this stringent standard is met. *See Int'l Bhd. of Teamsters*, 247 F.3d at 391. Generally, evidence in support of a Rule 60(b) motion must be "highly convincing." *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (internal quotation marks omitted). "The

4

decision whether to grant a party's Rule 60(b) motion is committed to the sound discretion of the district court." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation marks omitted).

Under Rule 60(b)(1), a party may seek relief from judgment based on "mistake, inadvertence, surprise, or excusable neglect," and is available to correct any mistake, including a mistake by the court. *See United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009). While Rule 60(b)(1) is available to correct judicial error, it "should not provide a movant an additional opportunity to make arguments or attempt to win a point already carefully analyzed and justifiably disposed." *Serrano v. Smith*, No. 05 CIV. 1849(KTD), 2009 WL 1390868, at *2 (S.D.N.Y. May 13, 2009) (internal quotation marks omitted). The court "should not reconsider issues already examined simply because [the plaintiff] is dissatisfied with the outcome of [its] case." *Id.* (internal quotation marks omitted). "If the moving party is seeking solely to relitigate an issue already decided, the court should deny the motion for reconsideration and adhere to its prior decision." *Kokinda*, 2018 WL 10550322, at *1; *Ren Yuan Deng v. New York State Office of Mental Health*, 783 F. App'x 72, 73 (2d Cir. 2019) (stating that a Rule 60(b) motion "cannot serve as an attempt to relitigate the merits" (internal quotation marks omitted)).

Rule 60(b)(6) allows for relief from judgment based on "any other reason justifying relief." *United Airlines, Inc.*, 588 F.3d at 175 (internal quotation marks omitted). It is well established that Rule 60(b)(6) applies only "when the asserted grounds for relief are not recognized in clauses (1)–(5) of the Rule" and when "there

5

are extraordinary circumstances justifying relief." *Tapper v. Hearn*, 833 F.3d 166, 172 (2d Cir. 2016) (internal quotation marks omitted). Rules 60(b)(1) and 60(b)(6) are "mutually exclusive," such that "any conduct which generally falls under the former cannot stand as a ground for relief under the latter." *United States v. Cirami*, 535 F.2d 736, 740 (2d Cir. 1976) (internal quotation marks omitted). Here, because Plaintiff's Motion rests on the ground that the Court committed a "mistake" under Rule 60(b)(1), relief under Rule 60(b)(6) is foreclosed. *Id.*

Likewise, Plaintiff's Motion for Reconsideration does not satisfy the requirements for relief under Rule 60(b)(1). Plaintiff argues that the Court made a mistake by reading the Amended Complaint's allegations of damage too narrowly with respect to its negligence claim. (Doc. 49-1 at 1–2.) Specifically, Plaintiff argues that its reference to damages to "subrogor's property" is distinct from the "subject property," and should be construed as allegations of damage to *other* property, as required under the economic loss rule. (*Id.*)

As the Court explained in its Opinion and Order, the Amended Complaint plainly alleges that there was a contract to winterize the "subject property" and that Defendant's negligence caused damage to the same "subject property." (Doc. 26 at 2, ¶¶ 9–10.) Although Plaintiff now attempts to distinguish paragraph 10 of the Amended Complaint because "it does not in and of itself pray for relief in the form of recovery for those damages" (Doc. 49-1 at 5), the Court properly considered paragraph 10 as a factual allegation in ruling on the Motion to Dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a court considers "[f]actual

6

allegations" when evaluating whether to dismiss a complaint under Fed. R. Civ. P. 12(b)(6)).

Plaintiff also now zeroes in on paragraph 11, which alleges that as a result of Defendant's negligence, "subrogor sustained damage to its property." (Doc. 26 at 3, ¶ 11; *see also id.* at 4, ¶ 15 (referring to damage to "subrogor's property").) Plaintiff contends that "subrogor's property" should be considered other property because the Amended Complaint never explicitly identifies it as being the same as the "subject property." In support of this construction, Plaintiff emphasizes paragraph 17, which refers to "the party in whose care, custody and control the subject property was." (*Id.* ¶ 17.) Plaintiff posits that if the subject property were owned by its subrogor, such that "subrogor's property" would be the same as the "subject property," then paragraph 17 would so state. (Doc. 49-1 at 5.) Because it goes to "awkward lengths" to make clear that its subrogor does not own the subject property (*id.*), Plaintiff argues that, in fact, the opposite conclusion should follow: that "subrogor's property" constitutes other property.

As an initial matter, Plaintiff's tortuous interpretation of paragraph 17 simply does not amount to the type of "highly convincing" evidence required to obtain relief under Rule 60(b).[2] *Kotlicky*, 817 F.2d at 9. Furthermore, as Plaintiff acknowledges, paragraph 4 of the Amended Complaint states that Plaintiff's subrogor had "rights and responsibilities relating to the *subject property*."

---

[2] In addition, when assessing the adequacy of a complaint on a Rule 12(b)(6) motion to dismiss, the Court is required only to draw all "*reasonable* inferences in favor of the plaintiff." *Lanier v. Bats. Exch., Inc.*, 838 F.3d 139, 150 (2d Cir. 2016) (emphasis added).

(Doc. 49-1 at 4 (emphasis added).)  The Amended Complaint does not define or identify any property, other than the subject property, for which Plaintiff's subrogor had an alleged right to recovery.  Taken together, Plaintiff's allegation in paragraph 11 that its "subrogor sustained damage to its property" logically refers to damage to the subject property.  (Doc. 26 at 3, ¶ 11.)  Accordingly, the Court found that the Amended Complaint alleged damage solely to the property that was the subject of the alleged contract, and the economic loss rule therefore barred the negligence claim.  (Doc. 47 at 6.)  Moreover, at oral argument on the Motion to Dismiss, Plaintiff indicated that damage outside the defined "subject property" had occurred, but conceded that no such damage to other property was alleged in the Amended Complaint.  Plaintiff cannot now use Rule 60(b)(1) to make different arguments and relitigate an issue already decided simply because it is "dissatisfied with the outcome."  *Serrano*, 2009 WL 1390868, at *2 (internal quotation marks omitted).  Plaintiff's Motion for Reconsideration is therefore denied.

## II.     Leave to Amend

Alternatively, in its memorandum in support of its Motion for Reconsideration, Plaintiff makes a brief request for leave to file a Second Amended Complaint "in order to clarify that it is not seeking recovery for damage to the subject property."  (Doc. 49-1 at 7.)  It is well established that, generally, "[a] party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)."  *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).  However, the Second Circuit has

observed that "it might be appropriate in a proper case to take into account the nature of the proposed amendment in deciding whether to vacate the previously entered judgment." *Id.* (internal quotation marks omitted). Thus, "postjudgment motions for leave to replead must be evaluated with due regard to both the value of finality and the policies embodied in Rule 15." *Williams v. Citigroup Inc.*, 659 F.3d 208, 213 (2d Cir. 2011). In other words, leave to amend is not automatically barred nor does "the liberal spirit of Rule 15 necessarily dissolve[] as soon as final judgment is entered." *Id.* at 214.

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Leave to amend should be denied only if there is undue delay, bad faith by the movant, prejudice to the non-moving party, or amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The party opposing a motion for leave to amend bears the burden of showing that leave should be denied. *Gonzalez v. City of Rochester*, 16-CV-6652L, 2020 WL 5032026, at *3 (W.D.N.Y. Aug. 26, 2020). It lies "within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

Here, Defendant has not opposed Plaintiff's request for leave to amend its Complaint (*see generally* Doc. 50), and the Court discerns no compelling reason to deny it. Although judgment has been entered in this case, "the liberal spirit of Rule 15" favors granting leave where, as here, there is no undue delay or bad faith by the plaintiff. *Williams*, 659 F.3d at 214. Moreover, Plaintiff merely seeks to clarify the

9

alleged damage its subrogor sustained.  *See Ruotolo*, 514 F.3d at 191 (stating that courts should consider the "nature of the proposed amendment" in deciding whether to grant leave to amend postjudgment).  Accordingly, Plaintiff is granted leave to replead its negligence claim and clarify its alleged damages.

## Conclusion

For these reasons, Plaintiff's Motion for Reconsideration (Doc. 49) is DENIED, but its request for leave to amend is GRANTED.  The judgment (Doc. 48) is therefore ordered to be vacated to allow Plaintiff to file a Second Amended Complaint within 30 days of this Opinion and Order.  If Plaintiff fails to do so, the judgment will be reinstated.

Dated at Burlington, in the District of Vermont, this 22nd day of October 2020.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

10