UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Country Mutual Insurance Co.,

      Plaintiff,

      v.                                    Civil Action No. 2:19-cv-74-jmc

Altisource Solutions, Inc.,

      Defendant.

**OPINION AND ORDER**
(Doc. 54)

Plaintiff Country Mutual Insurance Company, individually and as successor to Middlesex Mutual Assurance Company as subrogee of TPW Management LLC, has brought this subrogation action against Defendant Altisource Solutions, Inc., a property management corporation. (*See* Docs. 1, 26, 52.) In its Second Amended Complaint (SAC), Plaintiff alleges that Defendant committed negligence by failing to winterize a property that it was contracted to winterize, causing a water leak and resulting damage to the subject property and surrounding areas. (Doc. 52 at 2–3, ¶¶ 9–11.)

Now pending before the Court is Defendant's "Motion to Dismiss Second Amended Complaint to the Extent It Alleges Damage to Personal Property." (Doc. 54.) Therein, Defendant requests dismissal of the SAC under Federal Rule of Civil Procedure 12(b)(6) and 12 V.S.A. § 512 "for failure to bring its cause of action within the three-year statute of limitations for negligence claim[s] under Vermont Law to

the extent that Plaintiff is claiming damage to personal property." (Doc. 54 at 1.) Plaintiff has filed a Response in Opposition, arguing that the Motion should be withdrawn or denied as moot because "Plaintiff's claims do not involve damage to personal property." (Doc. 55 at 1.)

The Court finds no merit to Defendant's Motion, as it relies on 12 V.S.A. § 512, Vermont's statute of limitations applicable to claims for damages to *personal property*. Section 512(5) provides that actions for "damage to personal property suffered by the act or default of another" "shall be commenced within three years after the cause of action accrues." *See Stevers v. E.T. & H.K. Ide Co.*, 148 Vt. 12, 13, 527 A.2d 658, 659 (1987) (where "complaint asserted damage to personal property," 12 V.S.A. § 512(5)'s three-year statute of limitations applied to bar insecticide buyer's claims against seller of insecticide for alleged death of one cow and damage to others). The SAC clearly does not involve "damage to personal property," but rather, damage to real property. Indeed, the gravamen of this case is that Defendant caused damage to subrogor's condominium (i.e., real property) by inadequately winterizing the property. There is no mention in the SAC of any personal property. To the contrary, Paragraph 11 of the SAC states that, as a proximate result of the acts and omissions of Defendant, "subrogor sustained damage to subrogor's property" (Doc. 52 at 3, ¶ 11), which is defined earlier in the SAC to include "Unit #11 [within 2680 Hartford Avenue in Wilder, Vermont] and the common areas surrounding Units # 10 and #11" (*id.* ¶ 10). Paragraph 13 of the SAC states that Defendant "owed subrogor a duty to use reasonable care to avoid

causing harm to subrogor's property," again referring to the real property that is the subject of this suit.  (*Id.* ¶ 13.)  Paragraph 14(a) of the SAC alleges that Defendant failed to exercise reasonable care to "winteriz[e] the subject property."  (*Id.* at 4, ¶ 14(a).)  And finally, Paragraph 15 of the SAC states that, as a proximate result of Defendant's negligence, "subrogor's property was damaged."  (*Id.* ¶ 15.)

In actions like this for real property, the applicable limitations period is six years, pursuant to 12 V.S.A. § 511.  *See Bull v. Pinkham Eng'g Assocs., Inc.*, 170 Vt. 450, 455, 752 A.2d 26, 30 (2000) (citing *Inv. Properties, Inc. v. Lyttle*, 169 Vt. 487, 494, 739 A.2d 1222, 1228 (1999)) ("In cases such as this, where there is no claim of damage to personal property, we have held that [12 V.S.A.] § 511 applies to actions seeking damages for economic loss, including loss stemming from injury to real property.").  Plaintiff filed this suit on May 9, 2019 (*see* Doc. 1), well within six years of the date the action accrued on January 19, 2015, when a sprinkler system located on the subject property allegedly froze and burst causing damage to the property and surrounding areas (*see* Doc. 52 at 3, ¶ 10).

Accordingly, Defendant's "Motion to Dismiss Second Amended Complaint to the Extent It Alleges Damage to Personal Property" (Doc. 54) is DENIED.

Dated at Burlington, in the District of Vermont, this 24th day of February 2021.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge